PROB. 12
(Rev. 3/88)

04-20317-ML

# UNITED STATES DISTRICT COURT

FILED BY _____ D.C.

for

05 SEP 22 PM 4: 17

## WESTERN DISTRICT OF TENNESSEE

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

U.S.A. vs. DAVID E. MORRIS, JR.                    Docket No.  2:04CR20317-1

### Petition on Probation and Supervised Release

**COMES NOW**   NICOLE D. PETERSON   , **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of  David E. Morris, Jr.  who was placed on supervision by the Honorable  Robert B. Propst  sitting in the Court at  Birmingham, AL , on the 7th day of June , 2004, who fixed the period of supervision at  thirty-six (36) months* , and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

(1)    The defendant shall not incur any new debts (other than normal debts for utilities and rental expenses, or mortgage payments) or open any new lines of credit without permission of the probation officer unless the defendant is in compliance with the payment of any monetary obligations ordered.

(2)    The defendant shall participate, if and as directed by the probation officer, in such mental health/vocational rehabilitation programs as the officer may direct. The defendant shall contribute to the cost of mental health treatment if the probation officer determines that the defendant has the ability to do so.

(3)    That the defendant stay in contact with his father at least twice per week, preferably between the hours of 8:00PM and 9:00PM on Mondays and Thursdays to discuss circumstances.

(4)    The defendant's travel is limited to a radius of 200 miles from his place of supervision.

(5)    The defendant is to take his prescribed medication.

(6)    The defendant is to maintain gainful employment which does not involve a 100 percent commission.

(7)    Restitution in the amount of $7,811.76.  (Balance $7,111.76)

*      Term of Supervised Release began on June 7, 2004.
**     Jurisdiction was transferred to Western District of Tennessee on August 10, 2004.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER**  a *WARRANT*  be issued for David E. Morris, Jr. to appear before the Court to answer charges of Supervised Release violation.

### ORDER OF COURT

Considered and ordered this 21 day of Sept. , 20 05 , and ordered filed and made a part of the records in the above case.

_____
United States District Judge

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on  9-23-05

I declare under penalty of perjury that the Foregoing is true and correct.

Executed on   September 19, 2005

_____
U. S. Probation Officer

Place:  MEMPHIS TN

RE:    **David E. Morris, Jr.**
        **Docket Number 2:04CR20317-01**
        **Page 2**


**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**Mr. Morris has violated the following conditions of his term of Supervised Release:**

**The defendant shall not commit another federal, state, or local crime.**

On January 13, 2005, an Indictment on the charge of Uttering Forgery was filed against the defendant. The indictment states that David Morris passed a counterfeit check in the amount of $490.00 at the Wal-Mart in Holly Springs, MS. According to the incident report on October 12, 2004, the defendant purchased a Minolta Z-2 digital camera at the Wal-Mart in Holly Springs, MS with a counterfeit check drawn on the account of Cannon Research Group, Inc. When questioned about the check, defendant indicated he was a doctor who worked for the Cannon Research Group.  Approximately ten (10) minutes after he made the purchase, the defendant returned the camera for a cash refund.  According to Sergeant Wilson of the Holly Springs Sheriff's Office, attempts have been made to arrest the defendant in light of the indictment but all efforts have failed to date.

**The defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.**

On June 23, 2004, Mr. Morris tested positive for cocaine.

**The defendant may be placed in the probation office's Drug and Alcohol Intensive Counseling and Aftercare Service Program (or comparable program in another district) by virtue of a special condition of probation of supervised release contained in the judgment, at the direction of the probation officer after a positive urinalysis, or a court order entered during the period of probation or supervision for other good cause shown.**

Following a June 23, 2004, positive urinalysis for cocaine, Mr. Morris was referred to Dr. Janet Scott on July 20, 2004 for drug treatment and testing. He failed to report for random screening on May 7, 19, and 31, 2005. Mr. Morris was discharged effective June 3, 2005 for non-compliance.

# VIOLATION WORKSHEET

1. **Defendant**    David E. Morris, Jr. (Address: 10222 Hampton Drive, Lakeland, TN 38002)

2. **Docket Number (Year-Sequence-Defendant No.**    2:04CR20317-01

3. **District/Office**    Western District of Tennessee (Memphis)

4. **Original Sentence Date**    06 / 07 / 2004
   month   day   year

5. **Original District/Office**    Northern District of Alabama(Birmingham)

6. **Original Docket Number (Year-Sequence-Defendant No.)**    CR-03-PT-458-S

7. List each violation and determine the applicable grade {see §7B1.1}:

   | Violation{s} | Grade |
   |---|---|
   | New Criminal Conduct: Uttering Forgery | B |
   | Positive urinalysis | C |
   | Failure to participate in drug testing as directed | C |
   | | |
   | | |
   | | |
   | | |
   | | |
   | | |
   | | |

8. **Most Serious Grade of Violation (see §7B1.1(b))**    B

9. **Criminal History Category (see §7B1.4(a))74**    I

10. **Range of imprisonment (see §7B1.4(a))**    4 - 10  months

    **Statutory Maximum:** 36 months

11. **Sentencing Options for Grade B and C Violations Only (Check the appropriate box):**

    { x }   (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3©)(1) provides sentencing options to imprisonment.

    { }    (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3©)(2) provides sentencing options to imprisonment.

    { }    (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

DEFENDANT: David E. Morris, Jr.

12.  Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) 7111.76                          Community Confinement _____

Fine ($) _____        Home Detention _____

Other _____          Intermittent Confinement _____

13.  Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14.  Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15.  Official Detention Adjustment {see §7B1.3(e)}: _____ months _____ days

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in
case 2:04-CR-20317 was distributed by fax, mail, or direct printing on
September 23, 2005 to the parties listed.

Terrell L. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT